E-FILED
Tuesday, 17 June, 2008  04:10:37 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| **JOSHUA REYNOLDS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 08-2081** |
| **CHAMPAIGN-URBANA MASS** | ) | |
| **TRANSIT DISTRICT and** | ) | |
| **WILLIAM VOLK, Managing Director,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# REPORT AND RECOMMENDATION

In April 2008, Plaintiff, Joshua Reynolds, filed a Pro Se Complaint Against Employment Discrimination, Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 (#6) against Defendants Champaign-Urbana Mass Transit District (hereinafter "CUMTD") and William Volk. The complaint alleges that Defendants discriminated against Plaintiff based on his work-related health problems.  Because the complaint purports to allege a claim arising under federal law, the Court has subject matter jurisdiction based on 28 U.S.C. § 1331.

In May 2008, Defendant Volk, the managing director of the CUMTD, filed a Motion To Dismiss (#12), arguing that the complaint fails to allege any conduct by him.  Plaintiff filed a Response to Defendant's Motion To Dismiss Complaint Against William Volk (Managing Director, C-U MTD) (#15).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#12)** be **GRANTED**.

## I.  Background

The substance of Plaintiff's complaint is brief and the Court will quote it here in its entirety. The complaint alleges as follows:

> Employer began harassment campaign after being notified of work-related shoulder problem (6/2004).

Harassed by supervisors, denied lunch/restroom breaks, written up for using restroom during work, given disiplinary actions from fabricated infractions.  Harrassed and not given promotions/demoted by management.

Terminated as soon as management received word that my doctor had prescribed an ergonomic study to be done on the job for my shoulder.  [(*Sic.*)]

(#6, p. 6.)

## II.  Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles":  First, the plaintiff must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative' level."  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

*Bell Atlantic* did not eliminate the liberal federal notice pleading standard.  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations.  *Bell Atl.*, 127 S. Ct. at 1964.  It is still true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).  Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Bell Atl.*, 127 S. Ct. at 1965. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

A *pro se* complaint, like any other, may be dismissed for failure to state a claim. Courts liberally construe documents filed *pro se*, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). In the context of *pro se* litigation, the Supreme Court has stated that a plaintiff need not allege specific facts to satisfy the requirements of Rule 8(a)(2). *Id.* The Seventh Circuit has read *Bell Atlantic* and *Erickson* together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers*, 499 F.3d at 667. When a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

### III.  Analysis

Defendant presents a single argument: Although he is named as a Defendant, the complaint includes no allegations about him.

The complaint alleges that "management" harassed Plaintiff, demoted him, did not promote him, and terminated him after Plaintiff's doctor prescribed an ergonomic study. Nevertheless, it does not expressly allege any conduct by Defendant Volk. In his response to the motion to dismiss, Plaintiff explained some of his contacts with Volk and why he believes Volk should be responsible for the actions taken against him. However, complaints cannot be amended by briefs filed in opposition to a motion to dismiss. *See Perkins v. Silverstein,* 939 F.2d 463, 470 n.6 (7th Cir. 1991). A defendant is entitled to "fair notice of the nature and basis or grounds of the claim." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1215 (2d ed. 1990). Accordingly, the Court recommends granting the motion to dismiss and allowing Plaintiff leave to amend his complaint to allege his claims against Defendant Volk by stating what Volk did.

## IV. Summary

For the reasons stated above, this Court recommends that Defendant's Motion To Dismiss **(#12)** be **GRANTED**.  Because it is conceivable that Plaintiff can amend his complaint to state a claim against Defendant Volk, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 17th day of June, 2008.

_____ s/ DAVID G. BERNTHAL _____

U.S. MAGISTRATE JUDGE
